1

2

3

4

5

6

7

8

JS-6

9    # IN THE UNITED STATES DISTRICT COURT

10   # FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13   JOSE AYALA,

14             Petitioner,

15        v.

16   SUPERIOR COURT,

17             Respondent.

18

Case No. CV 23-8812 CJC (MRW)


**ORDER DISMISSING ACTION**

19

20

21

22

23

24

25

26

27

28

The Court summarily dismisses Petitioner's habeas corpus action based on the <u>Younger</u> abstention doctrine.

\* \* \*

1.     Petitioner is a pretrial detainee in a Los Angeles County jail facility.  Petitioner alleges that he's been in custody (including at medical or mental health facilities due to ongoing competency proceedings) since his arrest in 2019.  (Docket # 1 at 5; # 3 at 4-5.)

2.     Petitioner filed a petition in this Court seeking habeas corpus review under 28 U.S.C. § 2254.  (Docket # 1 at 1.)  The petition contends

1  that his pretrial detention plus delays in his arraignment and preliminary

2  hearing violate the federal constitution and elements of state criminal

3  procedure.  Petitioner acknowledges that he is not subject to a judgment of

4  conviction in his pending criminal case.  (Id.)

5       3.      Magistrate Judge Wilner preliminarily reviewed the petition

6  and supporting memorandum.  Judge Wilner directed Petitioner to explain

7  why this federal court could properly hear any of his claims at this stage of

8  his ongoing criminal case.  (Docket # 12.)  Petitioner submitted a

9  memorandum broadly contending that his claims were ripe for federal

10  review.  (Docket # 16.)

11                                    * * *

12       4.      If it "appears from the application that the applicant or person

13  detained is not entitled" to habeas relief, a court may dismiss a habeas

14  action without ordering service on the responding party.  28 U.S.C. § 2243;

15  see also Rule 4 of Rules Governing Section 2254 Cases in United States

16  District Courts (petition may be summarily dismissed if petitioner plainly

17  not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit

18  proposed order for summary dismissal to district judge "if it plainly

19  appears from the face of the petition [ ] that the petitioner is not entitled to

20  relief").

21       5.      Petitioner is not entitled to pursue habeas relief under

22  28 U.S.C. § 2254 as he requests.  That statute requires a prisoner to

23  establish that s/he is "in custody pursuant to the judgment of a State

24  court."  28 U.S.C. § 2254(a).  A pretrial detainee like Petitioner is not in

25  custody due to a conviction or judgment.  Habeas relief under Section 2254

26  is not available.

27

28

1    6.    The Court could potentially exercise jurisdiction under

2  28 U.S.C. § 2241 to consider a habeas petition brought by a pre-trial

3  detainee such as Petitioner.  However, federal courts generally abstain

4  from interfering with pending state criminal proceedings until the

5  conviction becomes final after the conclusion of appellate proceedings.

6  Younger v. Harris, 401 U.S. 37, 45 (1971); Braden v. 30th Judicial Circuit

7  Court of Kentucky, 410 U.S. 484, 489 (1973) (same).

8    7.    Younger abstention "is appropriate if (1) there are ongoing

9  state judicial proceedings, (2) the proceedings implicate important state

10  interests, and (3) there is adequate opportunity in the state proceedings to

11  raise federal questions."  Dubinka v. Judges of Superior Court, 23 F.3d 218,

12  223 (9th Cir. 1994); Sheehee v. Baca, 588 F. App'x 716 (9th Cir. 2014)

13  (same).  To that end, federal courts recognize that "the States' interest in

14  administering their criminal justice systems free from federal interference

15  is one of the most powerful of the considerations that should influence a

16  court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36,

17  49 (1986).

18    8.    There are few exceptions to the Younger rule.  A prisoner may

19  seek pre-conviction habeas relief in federal court by demonstrating

20  "extraordinary circumstances" such as "cases of proven harassment or

21  prosecutions undertaken by state officials in bad faith without hope of

22  obtaining a valid conviction."  Brown v. Ahern, 676 F.3d 899, 903 (9th Cir.

23  2012).  Another valid exception is when a prisoner raises a "colorable claim

24  of double jeopardy."  Stanley v. Baca, 555 F. App'x 707, 708 (9th Cir. 2014)

25  (quoting Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992)).

26    9.    Petitioner fails to meet these rigorous standards.  Petitioner

27  has not been tried or convicted yet, and has not convincingly established

28

1  that he lacks the opportunity to raise his constitutional claims in his

2  ongoing state criminal case.[1]  Dubinka, 23 F.3d at 224.  Further, his

3  complaints are too ill-formed to constitute proven claims of bad faith,

4  extraordinary circumstances by local officials, or impending double

5  jeopardy violations that warrant federal habeas intervention.  Brown, 676

6  F.3d at 901; Stanley, 555 F. App'x at 708.

7      10.  Accordingly, Younger abstention "requires dismissal of a

8  habeas petition that prematurely" raises allegations of constitutional

9  injury.  Brown, 676 F.3d at 903; Braden, 410 U.S. at 489.

10      Therefore, the present action is DISMISSED without prejudice.

11      IT IS SO ORDERED.

12

13

14  Dated: March 7, 2024

15      HON. CORMAC J. CARNEY
    UNITED STATES DISTRICT JUDGE

16

17  Presented by:

18

19

20

21  HON. MICHAEL R. WILNER
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25  [1]  Petitioner's bare contention that he has filed numerous appeals and habeas petitions in state court regarding his ongoing detention is insufficient to establish that he has no remedy.  Simply losing in state court (especially when
26  Petitioner acknowledges that he has been involved in protracted competency proceedings (Petitioner identifies himself in his filings as the "U.S. King Justice
27  and Jurisdictional King of Spain") (Docket # 1 at 9)) does not entitle him to federal court review under, or as an exception to, Younger.

28

4